UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| FREDERICK ANTONIO FORD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:20-cv-703-ACA-GMB |
| MICHAEL FERGUS-DYETT, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On November 18, 2021, the magistrate judge entered a report and recommendation that the court deny Defendant Michael Fergus-Dyett's motion for summary judgment. (Doc. 36). Mr. Dyett has made four objections to the magistrate judge's description of the applicable facts. (Doc. 37).

First, the report and recommendation states that Plaintiff Frederick Antonio Ford's "medical records memorialize his report that he passed out because of tight handcuffs." (Doc. 36 at 9 (citing doc. 30-1 at 3)). Mr. Dyett contends that the Health Services Administrator, who submitted the medical evidence in this case, declared that Mr. Ford's medical chart does not show that he passed out or sought any treatment relating to the incident at issue. (Doc. 37 at 2). However, the Administrator's declarations admit that she lacks any first-hand knowledge of Mr. Ford's claims. (Doc. 22-4 at 3; doc. 30-1 at 2). And the medical record she

submitted shows that Mr. Ford told a nurse that he had passed out from overly tight handcuffs. (Doc. 22-4 at 4). The court therefore **OVERRULES** Mr. Dyett's first objection.

Second, the report and recommendation states that two officers escorted Mr. Ford from his cell to receive medical care. (Doc. 36 at 9 (citing doc. 30-3 at 1)). Mr. Dyett objects to this statement, but he concedes that the evidence shows that two officers escorted Mr. Ford "from C Dorm to Housing Unit A for medical care." (Doc. 37 at 2). Because Mr. Dyett's objections concede the correctness of the magistrate judge's description of this evidence, the court **OVERRULES** that objection.

Third, the report and recommendation states that some evidence supports Mr. Ford's allegation that "the event occurred." (Doc. 36 at 9). Mr. Dyett objects to this statement on the ground that the only evidence that the incident occurred is Mr. Ford's "self-serving claim." (Doc. 37 at 3). No rule prohibits a party's submission of self-serving statements as long as those statements are sworn. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) ("To be sure, [the plaintiff]'s sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage."). And in this case, Mr. Ford made his allegations under penalty of perjury. (*See* Doc. 8 at 12; doc. 25 at 3). The fact that Mr. Dyett can point to evidence that contradicts or casts doubt

on Mr. Ford's allegations means that a factual dispute exists, not that the court can disregard Mr. Ford's evidence. The court **OVERRULES** this objection.

Fourth, the report and recommendation states that, taken in the light most favorable to Mr. Ford, "the handcuffs . . . cut off his circulation and caused him to lose consciousness." (Doc. 36 at 10 (citing doc. 8 at 6; doc. 30-1 at 3)). Mr. Dyett objects to this statement on the ground that the Administrator submitted a declaration stating that Mr. Ford told a nurse that he did not lose consciousness. (Doc. 37 at 4). But again, the Administrator's declarations concede that she has no personal knowledge of any of the events in this case. (Doc. 22-4 at 3; doc. 30-1 at 2). And although she declares that the nurse's progress note "states that Mr. Ford informed Nurse Bunn that he had no loss of consciousness" (doc. 22-4 at 3), a review of the progress note does not support that declaration (*see id.* at 4). Instead, the nurse wrote in the progress note that Mr. Ford reported passing out from overly tight handcuffs. (*Id.*). Accordingly, the court **OVERRULES** this objection.

Having reviewed and overruled all of Mr. Dyett's objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. The court **DENIES** Mr. Dyett's motion for summary judgment. The court **REFERS** this case to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this January 6, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

4